UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YVETTE BARRON and ALEXANDER BARRON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:15-CV-584 CAS ) |
| PFIZER, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Pfizer, Inc.'s ("Pfizer") motion to dismiss for lack of personal jurisdiction. Plaintiffs oppose the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will grant defendant's motion to dismiss.

**Background**

Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri, alleging that Alexander Barron suffered birth defects as a result of his mother Yvette Barron's ingestion of the prescription drug Zoloft during pregnancy. Pfizer removed the action to this Court and filed a motion to dismiss for lack of personal jurisdiction.

**Legal Standard**

"If jurisdiction has been controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. See Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's prima facie showing must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto. Id." Miller v. Nippon Carbon Co., Ltd., 528 F.3d 108, 1090 (8th Cir. 2008) (internal quotations omitted).

**Discussion**

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, (1984). A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.' Id. at 774. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

With these standards in mind, the Court will now examine whether the exercise of personal jurisdiction over defendant Pfizer is appropriate.

*Specific Jurisdiction*

As discussed, the exercise of specific jurisdiction is appropriate if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Here, plaintiffs' claims have no specific connection to activities in Missouri. Alexander Barron was born in Gainesville, Florida, which is where his mother was prescribed and ingested Zoloft during pregnancy. Plaintiffs currently live in Port Orchard, Washington. Plaintiffs allege no

connection with Missouri. Defendant's only contacts with Missouri are that they marketed and sold Zoloft in Missouri. These contacts do not relate to the causes of action in this suit, which arise out Ms. Barron's ingestion of Zoloft in Florida and Alexander Barron's subsequent birth. The Court finds that the controversy at issue is not related to or arising out of any of Pfizer's contacts with Missouri, and the Court lacks specific jurisdiction over Pfizer in this case.

*General Jurisdiction*

General jurisdiction or "all purpose jurisdiction" is the authority to hear any and all claims against a defendant. See Goodyear Dunlop Tire Ops., S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011). A forum's exercise of general jurisdiction over a corporation is limited to its formal place of incorporation and principal place of business except in an "exceptional case." See Daimler AG v. Bauman, 134 S. Ct. 746, 761 and n.19 (2014). Pfizer's formal place of incorporation is Delaware; its principal place of business is New York; and this is not an exceptional case. Plaintiffs have not alleged any facts to suggest Pfizer's activities in Missouri are anything other than that of a business conducting activities in multiple states. For example, plaintiffs have not pled that Pfizer maintains its corporate headquarters in Missouri, is managed from Missouri, or has revenue from sales in Missouri that exceed that of other states. The mere marketing of Zoloft in Missouri does not make Pfizer's connection with the state continuous and systematic as to render it at home here. See Goodyear Dunlop, 131 S. Ct. at 2851. Merely establishing that a corporation regularly conducts business in a forum is not sufficient to confer general jurisdiction. See Daimler 134 S. Ct. 746, 761 (rejecting the concept that a business organization is at home in a forum state merely because it does significant business there).

Plaintiffs have not alleged any facts supporting a finding of personal jurisdiction in this case. The Court will dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Pfizer, Inc.'s motion to dismiss for lack of personal jurisdiction is **GRANTED**. [Doc. 5]

An Order of Dismissal will accompany this Memorandum and Order.

                                                                        *Charles A. Shaw*
                                                                        **CHARLES A. SHAW**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  6th   day of October, 2015.

---

[1] This Court has found no personal jurisdiction several times already when faced with similar claims against this same defendant, see Clarke v. Pfizer, Inc., No. 4:15-CV-1072 AGF (E.D. Mo. filed Sept. 8, 2015); Keeley v. Pfizer, Inc., No. 4:15-CV-583 ERW (E.D. Mo. filed July 1, 2015); Fidler v. Pfizer Inc., No. 4:15-CV-582 RWS (E.D. Mo. filed June 25, 2015).